ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| SHEILA RODRÍGUEZ TORRES<br><br>Peticionaria<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; por conducto de la SECRETARIA DE JUSTICIA, LOURDES L. GÓMEZ TORRES; JOSEPH GONZÁLEZ FALCÓN, en su carácter de SUPERINTENDENTE DE LA POLICÍA DE PUERTO RICO<br><br>Recurridos | TA2026RE00001 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.: AI2025CV00608<br><br>Sobre: *Mandamus* |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Compareció la Sra. Sheila Rodríguez Torres (en adelante, "señora Rodríguez Torres" o "demandante") mediante el recurso de *mandamus* de epígrafe presentado el 4 de enero de 2026. Nos solicita que le ordenemos al Gobierno de Puerto Rico y a la Policía de Puerto Rico lo siguiente: (1) divulgar los resultados de la investigación realizada sobre la desaparición de su hija menor de edad, (2) las acciones tomadas al concluir la investigación y (3) informar sobre el paradero de la menor.

Por los fundamentos que expondremos a continuación, se **deniega** la expedición del auto de *mandamus*.

**-I-**

Antes de comenzar a esbozar la relación de hechos del recurso de epígrafe, nos resulta importante incluir hechos de otro caso —del cual tomamos conocimiento judicial— con el propósito de repasar el contexto total del caso ante nuestra consideración. Veamos.

Consta que, el 30 de diciembre de 2025, la señora Rodríguez Torres instó una *Petición Urgente sobre Habeas Corpus*[1] ante el Tribunal de Primera Instancia, Sala Superior de Aibonito (en adelante, "foro de instancia") contra la Policía de Puerto Rico, el Departamento de Justicia y el Departamento de la Familia. Alegó que era la madre con custodia y patria potestad de la menor nombrada por sus iniciales como MDAR (en adelante, "la menor MDAR"). Adujo, además, que la menor MDAR fue reportada desaparecida el 28 de diciembre de 2025, razón por la cual la Policía de Puerto Rico activó la alerta rosa. Al día siguiente, 29 de diciembre de 2025, la Policía de Puerto Rico anunció que la menor MDAR fue encontrada con buen estado de salud. Así pues, sostuvo que, al personarse en la comandancia de la Policía, tuvo oportunidad de conversar con la menor MDAR. No obstante, señaló que la Policía de Puerto Rico le informó que la menor MDAR no podía retirarse debido a una investigación en curso y no se le proveyó ninguna otra información. Dado a que desconocía el paradero de la menor MDAR, solicitó que el Estado y sus instrumentalidades produjeran y explicaran tanto la razón como la legalidad de su retención.

Aún pendiente el asunto anterior ante el foro de instancia, el 4 de enero de 2026, la señora Rodríguez Torres acudió ante este Tribunal mediante el recurso de *mandamus* de epígrafe, en jurisdicción original.[2] En síntesis, nos solicitó que le ordenemos al Gobierno de Puerto Rico y a la Policía de Puerto Rico lo siguiente: (1) divulgar los resultados de la investigación realizada sobre la desaparición de su hija menor de edad, (2) las acciones tomadas al concluir la investigación y (3) informar sobre el paradero de la menor.

---

[1] SUMAC-TPI, caso núm. AI2025CV00608, entrada núm. 1.
[2] SUMAC-TA, entrada núm. 1.

Luego, el 7 de enero de 2026, el foro de instancia celebró una vista para atender la petición de habeas corpus.[3] Allí tomó conocimiento judicial sobre la Orden de Protección *Exparte* que solicitó la menor MDAR contra su padre, el Sr. Anthony Avilés Rivera, bajo el caso número AI2026MU00001. En cambio, informó que no podía tomar conocimiento judicial sobre la Orden de Protección solicitada por la menor MDAR contra su madre, la señora Rodríguez Torres, bajo el caso número AI2025MU00337, ya que fue archivado.

En igual fecha, el 7 de enero de 2026, el foro de instancia dictó *Sentencia* mediante la cual denegó la petición de *habeas corpus*.[4] Concluyó que el recurso no se perfeccionó por falta de emplazamiento ni tampoco prevalecía en los méritos.

A la fecha de la *Sentencia* anterior, el recurso de *mandamus* de epígrafe ya se encontraba ante la consideración de este Tribunal de Apelaciones. Así pues, tras diligenciarse los emplazamientos correspondientes al recurso de *mandamus*, el 26 de enero de 2026, el Gobierno de Puerto Rico por conducto de la Oficina del Procurador General presentó su *Solicitud de desestimación y escrito en cumplimiento de orden*.[5]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso de epígrafe y procedemos a exponer el derecho aplicable.

**-II-**

**A. *Mandamus***

El Código de Enjuiciamiento Civil de Puerto Rico de 1933 (en adelante, "Código de Enjuiciamiento Civil") dispone que el *mandamus* es un recurso altamente privilegiado y discrecional,

---

[3] SUMAC-TPI, caso núm. AI2025CV00608, entrada núm. 6.
[4] *Id.,* entrada núm. 10.
[5] SUMAC-TA, entrada núm. 8.

dirigido a una persona natural o jurídica mediante el cual se le exige el cumplimiento de un deber ministerial en función del cargo que ocupa. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; *Kilómetro 0 v. Pesquera López et al*, 207 DPR 200, 214 (2021). Se considera que un "deber ministerial" es aquel mandato especifico que no admite el ejercicio de discreción en su cumplimiento. *Id.* Esto es, la parte demandada tiene que cumplir y no se le permite decidir si cumple o no con el acto solicitado, ya que es un deber mandatorio e imperativo impuesto por ley. *Romero, Valentín v. Cruz, CEE et al.*, 205 DPR 972, 985 (2020).

Ahora bien, debido a su naturaleza extraordinaria, la expedición del recurso de *mandamus* procede cuando no existen otros remedios adecuados y eficaces dentro del curso ordinario de la ley para hacer cumplir el deber ministerial. *Kilómetro 0 v. Pesquera López et al.*, supra; *Romero, Valentín v. Cruz, CEE et al.*, supra; *Bhatia Gautier v. Gobernador*, 199 DPR 59, 75 (2017). Además, como regla general, se requiere que:

> [...] la parte interesada debe haber interpelado al funcionario responsable de cumplir la obligación ministerial que se exige. Se exime del requisito de interpelación cuando hacerlo resultase inútil o cuando el deber que se reclama es de carácter público, es decir, que afecta al público en general y no exclusivamente a la parte promovente de la acción instada.

*Bhatia Gautier v. Gobernador*, supra.

Además, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54, estatuye que la eficacia jurídica del recurso de *mandamus* está supeditada al cumplimiento de los requisitos de forma y contenido siguientes:

> El auto de *mandamus* tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto. Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación y tan pronto sea conveniente, celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente. Se obtendrá el cumplimiento de las

órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier otra orden.

Cabe enfatizar que, al momento de evaluar si procede el recurso de *mandamus*, los tribunales deben considerar su impacto en el interés público envuelto, sopesado con la posible intromisión indebida en las gestiones del poder ejecutivo y su efecto sobre los derechos de terceros. *Kilómetro 0 v. Pesquera López et al.*, supra, pág. 215.

Expuesto el derecho aplicable, procedemos a discutir su aplicación a la controversia ante nuestra consideración.

**-III-**

De entrada, es imperativo destacar que el auto de epígrafe no cumple con los criterios que exige nuestro ordenamiento para su expedición.

Primero, del expediente no surge que la demandante haya interpelado previamente a las entidades gubernamentales que entiende son responsables de cumplir con el alegado deber ministerial que pretende compeler. Sin embargo, la señora Rodríguez Torres sostiene que presentó un recurso de *habeas corpus* ante el foro primario y que este recurso constituye la interpelación requerida. No le asiste la razón.

Nótese que la solicitud en el *habeas corpus* no se perfeccionó, toda vez que ni siquiera se emplazaron a las agencias gubernamentales correspondientes. Además, lo que solicitó la señora Rodríguez Torres en el *habeas corpus* fue que las agencias gubernamentales pertinentes explicaran las razones para la supuesta retención de la menor MDAR y la legalidad de esa acción. En cambio, en su recurso de *mandamus* lo que solicita es que le ordenemos a las entidades gubernamentales demandadas la divulgación de los resultados de la investigación realizada sobre la

supuesta desaparición de la menor MDAR e informaran sobre su paradero.

Resulta claro que ambos recursos, aunque están relacionados a la menor MDAR, versan sobre solicitudes distintas. Ante esto, no debemos ignorar que conforme la naturaleza extraordinaria del recurso de *mandamus*, este remedio solo está disponible cuando la demandante carece de un recurso adecuado y eficaz en el curso ordinario de la ley. Por tanto, concluimos que la señora Rodríguez Torres no cumplió con el requisito de interpelar a las entidades gubernamentales demandadas sobre las cuestiones que levanta por primera vez ante este foro.

En segundo lugar, la demandante no demostró la existencia de una obligación ministerial específica y mandatoria, cuyo cumplimiento pueda ser ordenado por esta Curia a través del recurso de *mandamus*. La señora Rodríguez Torres lo que hizo fue aludir a deberes y funciones generales de la Policía de Puerto Rico y a supuestas violaciones de derechos civiles que no constituyen un deber específico. Así pues, en ausencia de un deber ministerial que implique la inadmisibilidad de la discreción en su ejercicio, colegimos que no existe criterio jurídico que amerite nuestra intervención.

**-IV-**

Por los fundamentos expuestos previamente, se **deniega** la expedición del auto de *mandamus*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal Apelaciones